UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANNETTE AMERI                              CIVIL ACTION NO. 12-cv-2630

VERSUS                                     JUDGE HICKS

J. C. PENNEY CORP., INC., ET AL            MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

**Introduction**

Annette Ameri ("Plaintiff") filed suit in state court for damages associated with an injury to her left shoulder when she was struck by an automatic door at a J. C. Penney store. The petition did not seek a particular amount of damages or describe injuries that made it facially apparent the amount in controversy was adequate to permit removal. Plaintiff later testified at a deposition that her treating physician recommended surgery to repair her rotator cuff and that she intended to undergo the surgery.

J. C. Penney Corporation, Inc. ("Penney") removed the case within 30 days of receipt of a transcript of Plaintiff's deposition testimony. Plaintiff filed a Motion to Remand (Doc. 5) and made a single argument: all defendants did not properly consent to removal. She later added an argument in her reply memorandum that the removal was untimely. For the reasons that follow, the motion will be denied.

**Rule of Unanimity**

A civil action brought in state court of which the federal district courts have original jurisdiction may, subject to statutory exceptions, be removed by the defendant or defendants. 28 U.S.C. § 1441(a). When a civil action is removed solely under Section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Penney removed this case based on this court's original jurisdiction over diversity actions pursuant to 28 U.S.C. § 1332(a), which triggered the requirement that all properly served defendants consent or join in the removal. Penson Financial Services, Inc. v. Golden Summit Investors Group, Ltd., 2012 WL 2680667, *4 (N.D. Tex. 2012).

The requirement of Section 1446(b)(2)(A) is a recent codification of the longstanding jurisprudential rule of unanimity recognized in cases such as Getty Oil Corp. v. Insurance Co. of N. America, 841 F.2d 1254, 1262 (5th Cir.1988) and Farias v. Bexar County Board of Trustees, 925 F.2d 866, 871 (5th Cir. 1991). The Fifth Circuit does not require each defendant to sign the notice of removal, but "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do, that it has actually consented to such action." Getty Oil, 841 F.2d at 1262 n.11. Failure to comply with the rule is a procedural defect in the removal that requires remand if it is properly raised in a motion to remand that is filed within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c); Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990).

The notice of removal filed by Penney stated that co-defendant Prestige Maintenance USA, Ltd. "has concurred with the filing of this removal." Plaintiff filed a timely motion to remand and argued that such a statement is inadequate to indicate a co-defendant's joinder or consent, given cases such as Killen v. Atlantic Paper & Foil, LLC, 2007 WL 4299990 (W.D. La. 2007) that have rejected similar statements as inadequate to satisfy Getty's requirement. See also Crowley v. Amica Mut. Ins. Co., 2012 WL 3901629 (E.D. La. 2012) ("Amica's statement that '[t]hrough its attorney of record, State Farm has consented to this removal' does not fulfill the requirement of written consent by all of the defendants.").

Penney responded to the motion by pointing out that counsel for Prestige Maintenance filed a separate Consent and Joinder to Notice of Removal (Doc. 4) in which the company stated that it "specifically joins and consents to" the notice of removal filed by Penney. Plaintiff stated in her reply memorandum that she was unaware of that filing. She made no further contention that the case is subject to remand based on the single issue raised in her motion to remand.

**Timeliness**

    **A. Waiver**

Penney's notice of removal was filed on October 4, 2012. Plaintiff did not raise the issue of timeliness in her motion to remand. Timeliness was first mentioned in the November 8, 2012 memorandum in opposition filed by Penney, in which it pointed to the consent to removal filed by Prestige Maintenance on October 10, 2012. Penney then went on, perhaps out of an abundance of caution, to brief an issue not raised in the motion to remand: whether

the statement of consent filed by Prestige Maintenance was filed within 30 days of the date the case became removable. Plaintiff filed a reply memorandum and argued for the first time that the removal was untimely because the removal period had been triggered by medical records produced earlier in the case or, in the alternative, the date of the deposition in which Plaintiff testified that she would have surgery (as opposed to the date the transcript of that deposition was served on the defendants).

The timeliness of the removal and the filing of the co-defendant consent are non-jurisdictional procedural defects that had to be raised within 30 days of the filing of the notice of removal. Plaintiff's motion to remand did not raise those issues, and they did not otherwise get raised in the briefing until after the 30-day period. If a timely motion to remand at least adverts to the substantive concept behind a particular procedural defect, that may be sufficient to preserve the issue. Patin v. Allied Signal, Inc., 77 F.3d 782, 786 (5th Cir. 1996). Plaintiff's motion made absolutely no reference to any procedural defect other than the lack of consent by the co-defendant. Accordingly, these other issues were waived.

**B. Merits**

The issues are also lacking on the merits. Plaintiff argues that her production of medical records to Penney in August 2012 triggered the removal period under the "other paper" provision of Section 1446. It provides that when the case stated by the initial pleading is not removable, the 30-day removal period may be triggered by the defendant's receipt of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case has become removable. 28 U.S.C. § 1446(b)(3). A new provision,

effective since January 2012, provides: "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." Section 1446(c)(3)(A).

To trigger the removal period under this provision, a document must "clearly and unequivocally" indicate that the claims exceed the required amount in controversy. Bosky v. Kroger Texas, LP, 288 F.3d 208 (5th Cir. 2002). The medical records produced during discovery reflect that Plaintiff was assessed with chronic left shoulder pain with rotator cuff pathology. The physician wrote that he went over the full operative and non-operative treatments. Plaintiff elected an injection of lidocaine and a steroid. The physician wrote that they "discussed the possibility of surgery," but Plaintiff "wants to hold off on that for now." The medical records reflected a shoulder injury (known from the original petition) and that Plaintiff had declined a surgical option in favor of conservative treatment. Those facts did not clearly and unequivocally show that the amount in controversy exceeded $75,000.

Plaintiff later testified at a deposition on September 4, 2012 that she did intend to undergo surgery to repair her shoulder. She argues that the 30-day removal period began on that date, which would make the October 10 Consent to Removal filed by Prestige Maintenance untimely. See Crowley, 2012 WL 3901629 at **3-4 (evidence of consent filed after 30-day period did not satisfy the requirement); Cornella v. State Farm Fire & Cas. Co., 2010 WL 2605725 (E.D. La. 2010) (same). Judge Hicks, to whom this case is assigned, has

already held that it is not the oral deposition testimony itself that triggers the removal period. Rather, it is the paper deposition transcript that is considered "other paper" for purposes of the statute. Nelson v. Wal-Mart Louisiana, LLC, 2009 WL 3753539 (W.D. La. 2009), adopting 2009 WL 1098905 (W.D. La. 2009) (Hayes, M.J.). See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996) ("a transcript of the deposition testimony is 'other paper.'"). The court does not see anything in the language added in 2012 to suggest "other paper" no longer need be paper.

**Conclusion**

The existence of the timely-filed consent by Prestige Maintenance is sufficient to defeat the only argument raised in the motion to remand. The other arguments raised later in the briefing address procedural defects and were not made until more than 30 days after the case was removed, meaning any such defects were waived. Those arguments also lack merit. Accordingly, the **Motion to Remand (Doc. 5)** is **denied**.

The court notes the presence of a third defendant, Chartis Claims, Inc. It appears Chartis has not been served with the petition and amended petition. Plaintiff is directed to promptly serve Chartis or dismiss it if Plaintiff does not intend to pursue that defendant. Once Chartis has answered or been dismissed, the court will promptly set a scheduling conference to discuss a trial date and related deadlines.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of November, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE