UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANNETTE AMERI | CIVIL ACTION NO. 12-2630 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| J.C. PENNEY CORP., INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Plaintiff Annette Ameri's ("Plaintiff") Appeal of Magistrate Judge Hornby's Memorandum Ruling issued on November 11, 2012. (Record Document 14). In Magistrate Judge Hornsby's ruling, he denied Plaintiff's Motion to Remand finding that the Plaintiff failed to timely raise the alleged non-jurisdictional procedural defect. The Magistrate Judge also addressed the merits of Plaintiff's motion finding that the Notice of Removal and Written Consent were timely filed. Defendant J.C. Penney Corporation, Inc. ("Penney") has filed an opposition. See Record Document 16. For the reasons which follow, the Appeal of the Magistrate Judge's Memorandum Ruling is hereby **DENIED**. Accordingly, the Magistrate Judge's denial of Plaintiff's Motion to Remand is hereby **AFFIRMED**.

**BACKGROUND**

Plaintiff filed suit in state court for damages associated with an injury to her left shoulder when she was struck by an automatic door at a J.C. Penney store. See Record Document 1-3 at 1. The petition did not seek a particular amount of damages or describe injuries that made it facially apparent that the amount in controversy was adequate to permit removal. See generally, Record Document 1-3. Plaintiff later testified at a deposition on September 4, 2012, that her treating physician recommended surgery to repair her rotator cuff and that she intended to undergo the surgery. See Record Document

1, Exhibit C. Penney received this deposition transcript on September 13, 2012 and subsequently filed a Notice of Removal on October 4, 2012. (Record Document 1). Co-defendant Prestige Maintenance USA Ltd. ("Prestige") filed its written consent and joinder to the Notice of Removal on October 10, 2012. (Record Document 4).

Plaintiff responded by filing her Motion to Remand (Record Document 5) on October 25, 2012, making the single argument that "Prestige Maintenance USA, Ltd. did not join in the removal nor is there any writing from them filed contemporaneously verifying that they joined in, nor is there written consent." Record Document 5-1 at 1. On November 9, 2012, Plaintiff filed a reply brief contending that she was unaware of the Consent to Removal filed by Prestige at the time she filed the motion to remand. At that time she also raised for the first time that the removal by Penney was untimely.

Magistrate Judge Hornsby denied Ameri's Motion to Remand based on the following:

> The timeliness of the removal and the filing of the co-defendant consent are nonjurisdictional procedural defects that had to be raised within 30 days of the filing of the notice of removal. Plaintiff's motion to remand did not raise those issues, and they did not otherwise get raised in the briefing until after the 30-day period. If a timely motion to remand at least adverts to the substantive concept behind a particular procedural defect, that may be sufficient to preserve the issue. Patin v. Allied Signal, Inc., 77 F.3d 782, 786 (5th Cir. 1996). Plaintiff's motion made absolutely no reference to any procedural defect other than the lack of consent by the co-defendant. Accordingly, these other issues were waived.

Record Document 13 at 4. Additionally, irrespective of any procedural defect, Magistrate Judge Hornsby also addressed the merits of Plaintiff's contention that Defendants failed to perfect the notice of removal within 30 days. Magistrate Judge Hornsby found that discovery did not produce any documents that clearly and unequivocally indicated that the claims exceed the required amount in controversy

until September 13, 2012.  Accordingly, the notice of removal was found to be timely filed.

## LAW AND ANALYSIS

**I.     Standard of Review.**

The Magistrate Judge's ruling on Motion to Remand is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Accordingly, Magistrate Judge Hornsby's Memorandum Ruling is not a recommendation to the district court; rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992).  This Court will review the Magistrate Judge's legal conclusions de novo, and will review any factual findings for clear error.  See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

**II.    Analysis.**

On appeal, Ameri contends that the Magistrate Judge erred in concluding that timeliness was not raised in the motion to remand.[1]  The Court finds this argument to be without merit.  Ameri's Motion to Remand only raised one issue:  that the co-defendant did

---

[1] In her objection to Magistrate Ruling on Motion to Remand, Ameri maintains:  The issue with regard to when the thirty (30) day period began to run was raised in the opposition by J.C. Penney.  There was no waiver of this issue because it could not be addressed by the plaintiff until it was raised by J.C. Penney and they began changing the date.  See Record Document 14 at 3.

not join in or provide written consent to removal. See Record Document 5 at 1; 5-1 at 2-3. The Court agrees with Magistrate Judge Hornsby's finding: "Ameri's motion made absolutely no reference to any procedural defect other than the lack of consent by Penny. Therefore, these other issues were waived because they were not raised." Record Document 13 at 4.

Plaintiff simply did not raise the issue of timeliness with respect to either the October 4, 2012 filing of the Notice of Removal or the October 10, 2012 written consent by co-defendant until November 9, 2012. As stated in the Magistrate Judge's ruling, timeliness of the removal and the filing of the co-defendant's consent are non-jurisdictional procedural defects that must be raised within 30 days of the filing of the notice of removal. It is clear from the record that Plaintiff did not raise any timeliness issue within 30 days of the October 4, 2012, Notice of Removal.

The Court also finds Plaintiff's argument that the issue raised in the Motion to Remand was "whether the defendants collectively timely removed the petition" to be unpersuasive. Plaintiff made clear in that Motion that the Court only needs to concern itself with one legal issue, that is, that the co-defendant did not properly consent to the removal. The issue of timeliness was not alluded to, intertwined with, or otherwise referenced. Accordingly, the Court affirms the Magistrate Judge's decision that the issue of timeliness was waived.

The Court also concurs with the Magistrate Judge's ruling with respect to the merits of Plaintiff's argument. This Court has previously held that it was not the deposition testimony itself that triggered the removal time to run, but the deposition transcript which can be considered "other paper" for the purposes of Section 1446(b). Nelson v. Wal-Mart

Louisiana LLC, CIV.A.09-302, 2009 WL 3753539 (W.D. La. Nov. 9, 2009), citing S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir.1996). Accordingly, Plaintiff's arguments that they could not waive the timeliness issue until it was raised by Penney and they kept changing the date is wholly without merit. It is clear that it is the deposition transcript, and not the deposition itself that triggers the 30 day time period for removal.

The Magistrate Judge also found the medical records received on August 31, 2012 by Penney indicating surgical options on Plaintiff's shoulder did not clearly and unequivocally show that the amount in controversy exceeded $75,000. Plaintiff has not shown this finding to be in clear error. The facts show that Plaintiff's deposition was received by Penney on September 13, 2012. The Notice of Removal was then filed by October 4, 2012. Therefore, Magistrate Judge Hornsby's Memorandum Ruling is not clearly erroneous or contrary to law.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Magistrate Judge Hornsby's Memorandum Rulings of November 19, 2012, was not clearly erroneous or contrary to law.

Accordingly, the Magistrate Appeal (Record Document 14) is **DENIED**. Magistrate Judge Hornsby's denial of Plaintiff's Motion to Remand (Record Document 13) is **AFFIRMED**. An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of August, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE